**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| NATHAN P. GOLDSTEIN, as he is EXECUTIVE DIRECTOR, MASSACHUSETTS LABORERS' BENEFIT FUNDS,<br><br>Plaintiff,<br><br>v.<br><br>ESSENTIAL DEMO, INC.,<br>Defendant. | ) | C.A. No. |

## VERIFIED COMPLAINT

## NATURE OF ACTION

1. Plaintiff brings this action pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and § 301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. § 185, to enforce Defendant's obligations to make contributions and pay interest due to Plaintiff Benefit Funds under the terms of a collective bargaining agreement and the benefit plans.

## JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to § 502(a), (e) and (f) of ERISA, 29 U.S.C. §§ 1132(a), (e) and (f), and concurrent jurisdiction pursuant to § 301 of the LMRA, as amended, 29 U.S.C. § 185, without respect to the amount in controversy or the citizenship of the parties.

**PARTIES**

3. The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3). It provides health, dental and prescription benefits and life insurance, accident insurance, and accident and sickness benefits to participants. The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, ("the Fund office") within this judicial district.

4. The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of § 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A). It provides participants with a defined pension benefit. The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

5. The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of § 3(2)(A) of ERISA, 29 U.S.C. § 1002(2)(A). The Fund is a defined contribution fund and provides participants with retirement benefits. The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

6. The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of § 3(1) of ERISA, 29 U.S.C. § 1002(1). The Fund trains apprentices and journey workers in the construction industry. The Fund is governed by its Trustees and is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

7. The Massachusetts Laborers' Legal Services Fund is an "employee welfare benefit plan" within the meaning of § 3(1) of ERISA, 29 U.S.C. § 1002(1). The Fund provides participants with legal services and related benefits. The Fund is governed by its Trustees and is administered at 1400 District Avenue, Burlington, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity, Training and Legal Services Funds are multi-employer plans within the meaning of § 3(37) of ERISA, 29 U.S.C. § 1002(37). They are hereinafter collectively referred to as "the Funds." The Funds are third party beneficiaries of the collective bargaining agreement between Defendant Essential Demo, Inc. ("Essential Demo") and the Massachusetts & Northern New England Laborers' District Council ("Union").

9. Nathan P. Goldstein is the Executive Director of the Massachusetts Laborers' Benefit Funds, located at 1400 District Avenue, Burlington, Massachusetts, within this judicial district. Among other things, Mr. Goldstein serves as the collection agent for the Funds, and for collecting the dues set forth below. In this capacity, Mr. Goldstein has authority and control over collecting fund contributions and is a fiduciary within the meaning of § 3(21)(A), 29 U.S.C. § 1002(21)(A).

10. Defendant Essential Demo is a Massachusetts corporation with a principal office at 19 Teloian Drive, Hudson, New Hampshire, and is an employer engaged in commerce within the meaning of § 3(5) and (12) of ERISA, 29 U.S.C. § 1002(5) and (12) and within the meaning of § 301 of the LMRA, 29 U.S.C. § 185. Its registered agent is Maria Chaplain at 65 Parker Street, Unit 1R, Newburyport, Massachusetts.

## GENERAL ALLEGATIONS OF FACT

11. On or about August 1, 2022, Essential Demo signed an Acceptance of Agreement(s) and Declarations of Trust ("Acceptance of Agreements") and agreed to be bound to the terms of a collective bargaining agreement and to any successor agreements. A true and accurate copy of Essential Demo's signed Acceptance of Agreements is attached hereto as Exhibit A.

12. Pursuant to its having signed the Acceptance of Agreements, Essential Demo became bound to the terms of the Building and Site Agreement between the Union and the Labor

Relations Division of the Associated General Contractors Association of Massachusetts, Inc. and the Building Trades Employers' Association of Boston and Eastern Massachusetts, Inc. (the "CBA"), the Labor Relations Division of the Associated General Contractors Association of Massachusetts, Inc., and the General Contractors' Association of Pittsfield, Massachusetts, Inc. A copy of the relevant pages of the 2020 – 2024 CBA is attached hereto as Exhibit B. Essential Demo also became bound to the Wreckers Agreement between the Union and the Massachusetts Building Wreckers' and Environmental Remediation Specialists Association, Inc., the Labor Relations Division of the Associated General Contractors Association of Massachusetts, Inc. and the Building Trades Employers' Association of Boston and Eastern Massachusetts, Inc., the Labor Relations Division of the Associated General Contractors Association of Massachusetts, Inc., and the General Contractors' Association of Pittsfield, Massachusetts, Inc. All of the agreements' terms that are relevant to this case are materially the same as those contained in the CBA.

13. The CBA requires employers to make contributions to each of the Plaintiff Funds for each hour worked by covered employees at rates prescribed therein by the 20th of the month following the month in which the work was performed. Id. at 26-37.

14. The CBA also requires employers to remit contributions to the New England Laborers' Labor-Management Cooperation Trust, the New England Laborers' Health and Safety Fund, the Massachusetts Laborers' Unified Trust, and the Massachusetts Construction Advancement Program (collectively the "non-ERISA Funds") for each hour worked by covered employees at prescribed rates. Further, the CBA specifies that dues and contributions to the Laborers' Political League ("LPL") shall be deducted from the pay of each employee and forwarded to the Funds. Id.

15. The Massachusetts Laborers' Benefit Funds collect the contributions owed to the ERISA and non-ERISA Funds and the dues owed to the Union.

16. Employers that are delinquent in the payment of contributions are charged interest on the delinquency at the rate of 10 percent per annum, liquidated damages in the amount of 20 percent of the delinquency, and reasonable attorneys' fees and costs of collection. Id.

17. Signatory contractors such as Essential Demo are obligated to submit remittance reports each month listing the hours worked by their employees and calculating the contributions due to the Funds for all work performed by their employees in a given month. They are also required to submit to periodic audits of their payroll related records.

18. If a signatory contractor fails to submit remittance reports for more than two months or to comply with the Funds' request for an audit, the CBA authorizes the Funds to estimate the number of hours for which contributions are owed based on the most recent twelve months audited or the last twelve months of the employer's contributions, whichever is higher. Id.

19. Essential Demo failed to submit reports and remit contributions for the work months of October through December 2023 and, on information and belief, it employed laborers during that period.

20. In addition, Essential Demo owes $5,416.31 in interest on contribution payments that were previously paid late.

## COUNT I - VIOLATION OF ERISA

21. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 20 above.

22. Essential Demo's failure to pay all contributions and interest to the Funds on behalf of all covered employees violates § 515 of ERISA, 29 U.S.C. § 1145.

23. Absent an order from this Court, Essential Demo will continue to ignore its obligations to remit the contributions and interest it owes to the Funds.

24. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by § 502(h) of ERISA, 29 U.S.C. § 1132(h).

## COUNT II - VIOLATION OF LMRA

25. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 24 above.

26. The CBA is a contract within the meaning of § 301 of the LMRA, 29 U.S.C. § 185.

27. Essential Demo's failure to submit remittance reports and pay the contributions it owes for the period October through December 2023 and to pay the $5,416.31 in interest it owes on late-paid contributions violates the terms of the CBA.

**WHEREFORE**, Plaintiff requests this Court grant the following relief:

a. Enter judgment in favor of the Funds on Counts I and II and against Essential Demo in the amount of all contributions due for the period October through December 2023 and $5,416.31 in interest owed on contributions that were previously paid late, plus any additional amounts determined by the Court to be owed to the Funds or which may become due during the pendency of this action, together with interest of 10 percent per annum on the delinquent contributions, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. § 1132(g)(2);

b. Order Essential Demo to make available to the Plaintiff Funds or their duly authorized representative its payroll records, including, but not limited to, file copies of

contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations from its last audited date until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions owed;

c. Enter a preliminary and permanent injunction enjoining Essential Demo from refusing or failing to permit the Plaintiff Funds to audit the records prayed for in the preceding paragraph;

d. Enter a preliminary and permanent injunction enjoining Essential Demo from refusing or failing to pay the contributions, dues and interest owed to the Funds;

e. Order the attachment of the machinery, inventory, bank accounts and accounts receivable of Essential Demo; and

f. Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

NATHAN P. GOLDSTEIN, as he is
EXECUTIVE DIRECTOR, MASSACHUSETTS
LABORERS' BENEFIT FUNDS,

By his Attorneys,

/s/ Sasha N. Gillin
Sasha N. Gillin, BBO No. 690769
Sophie C. Esquier, BBO No. 698875
SEGAL ROITMAN, LLP
33 Harrison Avenue, 7th Floor
Boston, MA 02111
(617) 742-0208, Ext. 258
sgillin@segalroitman.com
sesquier@segalroitman.com

Dated: January 30, 2024

**VERIFICATION**

I, Nathan P. Goldstein, Executive Director for the Massachusetts Laborers' Benefit Funds, verify that I have read the above Verified Complaint, and the factual allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 29 DAY OF JANUARY, 2024.

Nathan Goldstein

SCE/sce,sng&ts
6306-23233/complt.doc