UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| NATHAN P. GOLDSTEIN, <br> as Executive Director, Massachusetts <br> Laborers' Benefit Funds, <br><br> Plaintiff, <br><br> v. <br><br> ESSENTIAL DEMO, INC., <br><br> Defendant, and <br><br> RISE CONSTRUCTION MANAGEMENT, INC., <br><br> Reach-and-Apply Defendant. | Civil Action No. <br> 24-10248-FDS |

### ORDER ON ATTORNEY DINICOLA'S <u>MOTION FOR LEAVE TO WITHDRAW AS COUNSEL</u>

**SAYLOR, J.**

On November 18, 2025, John W. DiNicola, II, attorney for reach-and-apply defendant Rise Construction Management, Inc., moved for leave to withdraw as counsel. (Dkt. No. 67). Attorney DiNicola sought leave to withdraw because, "[f]or financial reasons, Rise no longer wishes to defend against the claims asserted . . . in this matter." (*Id.* at 1). He also asserted that there had been a "significant breakdown of the attorney-client relationship between Rise" and himself. (*Id.* at 2). The motion was accompanied by an affidavit from James Grossman, CEO of Rise Construction Management, Inc., stating that "Rise is in a difficult financial position and lacks the resources to participate in a number of lawsuits to which it is a party, including this one," and that, as a result, he had instructed Attorney DiNicola to "withdraw from representing Rise in this matter." (Dkt. No. 67, Ex. 1 at 1).

Under the Local Rules of this District, an attorney must obtain leave of court to withdraw his or her appearance under certain circumstances, including where the attorney seeks to withdraw his or her appearance "for good cause shown." D. Mass. L.R. 83.5.2(c). "Deciding an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court." *Cozy, Inc. v. Dorel Juvenile Grp., Inc.*, 711 F. Supp. 3d 19, 21 (D. Mass. 2025) (quoting *Lieberman v. Polytop Corp.*, 2 F. App'x 37, 39 (1st Cir. 2001)).

The principal issue with the present motion is that no other counsel has appeared for Rise in this matter, and no successor counsel has entered an appearance. Under the Local Rules, "[a] corporation . . . may not appear *pro se*." D. Mass. L.R. 83.5.5(c). Accordingly, if Attorney DiNicola is permitted to withdraw, the corporation will be without counsel. A likely consequence of allowing the motion is that the corporation will be deemed to be in default, and a subsequent judgment or other order may enter holding it liable for all claims asserted against it.

Under the circumstances, the Court cannot immediately allow the motion. Instead, the Court will allow some additional time for Rise to locate successor counsel. If successor counsel enters an appearance for Rise Construction Management, Inc., the motion to withdraw will be granted as of the date of that appearance. If no successor counsel has entered an appearance by December 12, 2025, and the Court has not extended that time period, the motion to withdraw will be granted on that date, and Rise Construction Management, Inc., will be deemed to be in default.

**So Ordered.**

Dated: November 25, 2025

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Court Judge