UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| NATHAN P. GOLDSTEIN,<br>as Executive Director, Massachusetts<br>Laborers' Benefit Funds,<br><br>Plaintiff,<br><br>v.<br><br>ESSENTIAL DEMO, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br>24-10248-FDS |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION FOR LEAVE TO FILE CROSSCLAIM

SAYLOR, J.

This is a dispute concerning allegedly unpaid employee-benefit contributions.  Plaintiff Nathan Goldstein, on behalf of the Massachusetts Laborers' Benefit Funds, contends that defendant Essential Demo, Inc. has failed to make employee-benefit contributions to the Funds as mandated by a collective-bargaining agreement.  Goldstein asserts claims under Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA") and Section 301 of the Labor Management Relations Act ("LMRA") to recover those unpaid contributions and associated liquidated damages, interest, and legal fees and costs.

On May 13, 2025, the Court issued a preliminary injunction against the now-dismissed reach-and-apply defendant Rise Construction Management, Inc.  Rise failed to comply with this injunction, so the parties engaged in several months of extensive contempt proceedings, including an evidentiary hearing.  Essential had the opportunity to participate in those proceedings but largely declined to do so.

Now, more than two months after the deadline for amendments to pleadings, Essential seeks leave to file a crossclaim against Rise.  For the reasons that follow, Essential's motion will be denied.

## I.      Background

The factual background of this case is set out in the Court's May 13, 2025, memorandum and order granting plaintiff's motion for a preliminary injunction.  (Dkt. No. 41).

On May 13, 2025, the Court entered a preliminary injunction against reach-and-apply defendant Rise, requiring it to deposit the $319,744.74 it allegedly owed to Essential into an escrow account with the Court.  Rise failed to comply with the preliminary injunction, and the Court conducted extensive contempt proceedings, including an evidentiary hearing, in October and November 2025.

On January 16, 2026, Goldstein moved for a 45-day order of dismissal on his reach-and-apply claim against Rise, stating that the parties had settled that claim.  (Dkt. No. 81).  The Court granted that motion on January 21, 2026, and dismissed Rise as reach-and-apply defendant.

Also on January 21, 2026, Essential moved for leave to file a crossclaim against Rise. (Dkt. No. 82).

## II.     Legal Standard

Under the Federal Rules of Civil Procedure, a crossclaim must be asserted in a pleading, and the requirements of Rules 15 and 16 therefore apply where a party seeks to add a crossclaim. Fed. R. Civ. P. 13(g) ("*A pleading* may state as a crossclaim any claim by one party against a coparty . . . ." (emphasis added)); *see Palumbo v. Roberti*, 834 F. Supp. 46, 54 (D. Mass. 1993) ("Although technically not itself a pleading, a cross claim must be stated in a pleading . . . .").

If no scheduling order has yet been entered in a case, Rule 15 applies, such that a party may amend its pleading with "the court's leave," which should be "freely give[n] . . . when

2

justice so requires." Fed. R. Civ. P. 15(a)(2).  Where a scheduling order has been entered, however, if amendment is sought following the deadline for amendments to pleadings, then the party seeking leave must meet the "more demanding 'good cause' standard of Fed. R. Civ. P. 16(b)." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004).  "In evaluating whether a party has shown good cause, courts consider 1) 'the diligence of the party seeking the amendment' and 2) whether the opposing party would be prejudiced if modification were allowed." *Gouin v. Nolan Assocs., LLC*, 325 F.R.D. 521, 523 (D. Mass. 2017) (quoting *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 154 (1st Cir. 2004)).

## III.    <u>Analysis</u>

The Court entered a scheduling order in this case on March 31, 2025.  (Dkt. No. 40). That order set a deadline of November 28, 2025, for amendments to pleadings.  Defendant's motion for leave to file a crossclaim was filed on January 21, 2026, nearly two months after that deadline.  Therefore, the good cause standard of Rule 16(b) governs.

Applying that standard, the Court will deny the motion for lack of diligence.  Essential answered the amended complaint on July 31, 2024, roughly a year and a half before filing the present motion.  Over most of the past year, this case was focused on the dispute between plaintiff and Rise, the reach-and-apply defendant.  The theory behind plaintiff's claim against Rise was that Rise was liable to Essential for certain unpaid invoices, and that those accounts receivable were an asset of Essential that could be reached to satisfy its obligations to plaintiff. Essential was obviously well aware of the factual basis for the crossclaim long before it sought leave to file.  If it had wanted to, it clearly could have asserted the crossclaim months ago, well before the November 28, 2025 deadline for amendments.

Essential offers no excuse for its delay in bringing this crossclaim.  It only states (correctly) that the crossclaim was not compulsory and therefore did not need to be asserted in its

3

answer, but that does nothing to explain why it waited so long to file this motion.  And although Essential argues that allowing this amendment will not prejudice plaintiff—an assertion that plaintiff vehemently denies—its lack of excuse for its delay in seeking leave to amend is ultimately fatal to its motion, particularly where the good-cause standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir*, 383 F.3d at 12.  Under the circumstances, where "[n]o new evidence was alleged to have been uncovered and no excuse was offered" for defendant's delay, the Court will deny leave to amend.  *Somascan, Inc. v. Philips Med. Sys. Nederland, B.V.*, 714 F.3d 62, 64 (1st Cir. 2013).

## IV.    Conclusion

For the foregoing reasons, defendant's motion for leave to file a crossclaim is DENIED.

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated:  March 11, 2026

4