**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| NATHAN P. GOLDSTEIN, as Executive Director, Massachusetts Laborers' Benefit Funds, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 24-10248-FDS |
| ESSENTIAL DEMO, INC., | ) ) ) | |
| Defendant. | ) ) ) ) | |

**ORDER ON ATTORNEY CALANDRA'S**
**MOTION FOR LEAVE TO WITHDRAW AS COUNSEL**

**SAYLOR, J.**

On April 13, 2026, Sam Calandra, attorney for defendant Essential Demo, Inc., moved for leave to withdraw as counsel. (Dkt. No. 98). Attorney Calandra sought leave to withdraw because "Essential no longer wishes to defend against the claims asserted against it in this matter because of financial reasons." (*Id.* at 1). He also asserted that there had been a "breakdown of the attorney-client relationship between Essential and [himself]," and that, as a result, "it would be impractical for [him] to continue with the relationship." (*Id.* at 1-2). The motion was accompanied by an affidavit from Christopher Grossman, director and treasurer of Essential, stating that "Essential is in a difficult financial position and lacks the resources to participate further in this lawsuit," and that he had directed Calandra to seek leave to withdraw. (Dkt. No. 99 ¶¶ 2-3). Grossman indicated he was aware that, should the Court grant Calandra's motion, "Essential will no longer be represented by counsel in this matter." (*Id.* ¶ 5).

Under the Local Rules of this District, an attorney must obtain leave of court to withdraw his or her appearance under certain circumstances, including where the attorney seeks to withdraw his or her appearance "for good cause shown."  D. Mass. L.R. 83.5.2(c).  "Deciding an attorney's motion to withdraw in a civil case is a matter addressed to the discretion of the trial court."  *Cozy, Inc. v. Dorel Juvenile Grp., Inc.*, 711 F. Supp. 3d 19, 21 (D. Mass. 2024) (quoting *Lieberman v. Polytop Corp.*, 2 F. App'x 37, 39 (1st Cir. 2001)).

Under the Local Rules, "[a] corporation . . . may not appear *pro se*."  D. Mass. L.R. 83.5.5(c).  Therefore, if attorney Calandra is permitted to withdraw, the corporation will be without counsel, and it will likely be deemed to be in default as a result.  Grossman's affidavit indicates that he is aware of the consequences of Calandra's withdrawal and consents to it nonetheless.

Under these circumstances, the Court GRANTS attorney Calandra's motion to withdraw. Because Essential is now no longer represented by counsel, plaintiff may seek an entry of default under Fed. R. Civ. P. 55(a).

**So Ordered.**

/s/  F. Dennis Saylor IV
F. Dennis Saylor IV
Dated:  April 27, 2026                United States District Judge

2